UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DERON ALLEYNE,<br><br>   Plaintiff,<br><br>v.<br><br>FIRST DATA MERCHANT SERVICES, LLC,<br><br>   Defendant. | **Civil Action File No.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Deron Alleyne ("Mr. Alleyne" or "Plaintiff") files his Complaint against Defendant First Data Merchant Services, LLC as follows:

1. This is a complaint for religious discrimination and retaliation in violation of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter, which arises under federal law, pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court because the violations of Plaintiff's rights alleged herein were committed in this division of this judicial district.

## PARTIES

4. Mr. Alleyne is a former employee of Defendant. Mr. Alleyne is a citizen and resident of the State of Georgia and submits himself to the jurisdiction of this Court. At all times relevant to this Complaint, Mr. Alleyne was an "employee" as defined by Title VII.

5. Defendant First Data Merchant Services, LLC ("Defendant" or "First Data") is a Florida limited liability company authorized to conduct business in Georgia. First Data was Mr. Alleyne's "employer" as defined by Title VII.

6. First Data can be served with the summons and complaint by personal service of its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7. This Court has personal jurisdiction over Defendant.

## ADMINISTRATIVE PROCEDURES

8. Mr. Alleyne timely filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory acts alleged herein.

9. The EEOC issued a "Notice of Right to Sue" on February 1, 2021.

10. This action has been commenced within 90 days of Mr. Alleyne's receipt of the EEOC's "Notice of Right to Sue."

- 3 -

11. Mr. Alleyne has exhausted his administrative remedies with respect to the claims asserted herein.

## FACTUAL ALLEGATIONS

12. Mr. Alleyne began employment with First Data in or about October 2017. He worked at First Data's offices in Atlanta, Georgia.

13. Mr. Alleyne is a Black Hebrew Israelite.

14. During his employment with First Data, several incidents occurred that caused Mr. Alleyne to believe his coworkers and supervisors were bothered by his religious beliefs and certain practices he observes in accord with his religion.

15. For example, early on in his employment, Mr. Alleyne was scheduled to meet with a client along with his supervisor, Erika Taylor ("Taylor"). Taylor asked Mr. Alleyne to shave his beard before attending the meeting. Mr. Alleyne maintains a beard because of his religious beliefs, and he therefore did not shave his beard as Taylor requested. When Taylor saw Mr. Alleyne before the meeting, Taylor expressed surprise that Mr. Alleyne had not shaven. After this meeting, Taylor no longer requested that Mr. Alleyne attend client meetings.

16. As another example, in accord with his religious beliefs, Mr. Alleyne does not eat pork or shrimp. Mr. Alleyne's dietary restrictions were common knowledge among his coworkers and supervisors. During a company meeting at which food was provided, First Data's Senior Vice President of Inside Sales, Leslie Pearce ("Pearce"), told Mr. Alleyne she "did not care" that his religion forbids eating pork or shrimp. Taylor and another of Mr. Alleyne's supervisors, Sheri Tynes ("Tynes"), were present at this meeting.

17. During his employment with First Data, Mr. Alleyne also frequently complained that certain company events and practices omitted his religious beliefs, including the company's holiday desk decoration contest, holiday gift exchanges, and holiday luncheons. Mr. Alleyne's objections to these events and practices were common knowledge among his coworkers and supervisors.

18. On or about October 10, 2019, Mr. Alleyne asked his supervisor, Tynes, whether he was permitted time off for religious holidays that were not formally recognized by First Data. Mr. Alleyne explained that First Data offers certain religious accommodations for other employees, and that he would like to know whether similar accommodations were available to him.

19. Tynes informed Pearce and Larry Brown ("Brown"), First Data's Vice President of Sales, of Mr. Alleyne's request. Brown then summoned Mr. Alleyne to his office and told him he could use his allotted paid time off for religious holidays.

20. At some point after Mr. Alleyne's meeting with Brown, Tynes told Brown that Mr. Alleyne had threatened to "kick her ass" for "taking him to Brown's office."

21. Tynes' accusation against Mr. Alleyne is false. Mr. Alleyne never threatened to "kick her ass," nor did he make any other threat of violence, harm, or any similar statement to Tynes.

22. On October 18, 2019, First Data terminated Mr. Alleyne's employment based on Tynes' false allegations.

## SUBSTANTIVE CLAIMS

**Religious Discrimination and Retaliation in Violation of Title VII**

23. By this reference, Plaintiff incorporates his factual allegations above as if fully set forth herein.

24. Title VII prohibits covered employers from taking adverse employment actions against an employee because of the employee's religion. Further, Title VII prohibits covered employers from taking adverse employment

actions against an employee in response to the employee's complaint of religious discrimination or request for religious accommodation.

25. As shown above, Defendant terminated Mr. Alleyne based on a false allegation that he threatened his supervisor, Tynes.

26. Defendant violated Title VII by terminating Mr. Alleyne because of this religion and in retaliation for Mr. Alleyne's complaint of religious discrimination and request for religious accommodation.

27. Defendant's violations of Title VII were willful, knowing, malicious, or carried out in reckless disregard for their lawfulness.

28. Defendant is liable for all damages resulting from its violations of Title VII, including economic, compensatory, and punitive damages, plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests that a trial by jury be had on all issues for which a jury trial is permitted under law and the following additional relief:

a. That damages be awarded against Defendant to compensate Plaintiff for the injuries suffered because of Defendant's actions, including back pay, front pay, compensatory damages, punitive damages, and unpaid wages, in amounts to be determined by the jury;

b. That attorneys' fees and expenses of litigation be awarded to Plaintiff;

c. That pre-judgment and post-judgment interest be awarded; and

d. That the Court award such other equitable or monetary relief as the Court deems just and proper.

Respectfully submitted on April 30, 2021.

**Regan Keebaugh**
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com