## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DERON ALLEYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-CV-01810-CAP-AJB |
| | ) | |
| FIRST DATA MERCHANT | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant First Data Merchant Services, LLC ("First Data" or "Defendant") moves to dismiss Plaintiff Deron Alleyne's ("Plaintiff") Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.    BACKGROUND

Plaintiff filed suit against First Data for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").  Plaintiff asserts two claims:  (1) wrongful discharge based on religion; and (2) wrongful discharge based on retaliation (Complaint, ¶¶ 1, 26).  Plaintiff, however, did not timely exhaust his required administrative remedies.  Plaintiff did not timely file a charge with the federal Equal Employment Opportunity Commission ("EEOC") within 180 days of

1

603602328.4

the alleged wrongful employment act he complains of.  Additionally, the untimely Charge of Discrimination Plaintiff submitted to the EEOC (the "Charge") did not exhaust a claim of retaliation.  Plaintiff's Complaint fails to state a claim as a matter of law and should be dismissed.

On April 30, 2021, Plaintiff filed his Complaint against First Data.  Plaintiff asserts he was wrongfully discharged in violation of Title VII of the Civil Rights Act of 1964 based on his religion (Complaint, ¶¶ 1, 26).  Plaintiff also asserts a wrongful discharge claim alleging retaliation (Complaint, ¶¶ 1, 26).  Plaintiff's Complaint alleges that he was discharged by First Data on October 18, 2019 (Complaint, ¶ 22).  Plaintiff submitted the Charge concerning his discharge with the EEOC on May 6, 2020[1] (*see* Exhibit A, EEOC Charge of Discrimination No. 846-2020-10796 submitted by Plaintiff against First Data).[2]  Plaintiff submitted his Charge to the EEOC 201 days after his discharge from First Data.

---

[1]     Plaintiff's Complaint fails to allege the date he submitted his Charge to the EEOC, instead stating in conclusory fashion that he "timely filed a charge of discrimination" (Complaint, ¶ 8).  This omission is curious as Plaintiff has the burden of establishing that he met the timely exhaustion requirement. *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1233–34 (11th Cir. 2002).  But, the submission date is clearly noted on the face of the Charge.

[2]     Plaintiff did not attach his Charge to the Complaint. However, Plaintiff referenced the document, and the document is central to his claims. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those

603602328.4

## II.     ARGUMENT AND CITATION OF AUTHORITY

### A.     Motion to Dismiss Standard.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Instead, a complaint must contain enough facts to indicate the presence of the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007).  Moreover, "conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 188 (11th Cir. 2002).

---

documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal"); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document"); *see also Alfonso v. Res. Centers, LLC*, 5:13-CV-411-OC-10PRL, 2014 WL 4674057, at *2 (M.D. Fla. Sept. 18, 2014) (finding EEOC Charge and Notice of Right to Sue letter incorporated by reference into plaintiff's complaint); *Pouyeh v. Univ. of Alabama/Dep't of Opthamology*, 66 F. Supp. 3d 1375, 1379 (N.D. Ala. 2014) (finding that the issue of exhaustion of administrative remedies should be raised in a motion to dismiss and that it is proper for a court to consider relevant documents outside the pleadings to resolve the issue).

603602328.4

**B.     Plaintiff Did Not Timely Exhaust His Claims – He Did Not File a Charge With the EEOC Within 180 Days of the Adverse Employment Action He Complains of in His Complaint.**

Before filing a private civil action under Title VII, a plaintiff must satisfy certain statutory prerequisites such as timely filing a charge of discrimination with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred[.]" 42 U.S.C. § 2000e–5(e)(1); *see National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002); *Pijnenburg v. West Ga. Health Sys., Inc.,* 255 F.3d 1304, 1305 (11th Cir.), *reh'g denied,* 273 F.3d 1117 (11th Cir. 2001).

"[I]f a plaintiff fails to file an EEOC charge before the 180 limitations period, the plaintiff's subsequent lawsuit is barred and must be dismissed for failure exhaust administrative remedies." *Pierri v. Cingular Wireless, LLC*, 397 F.Supp. 2d 1364, 1373 (N.D. Ga. 2005) (dismissing a Title VII claim that was not timely exhausted, *quoting Thomas v. Alabama  Council on Human Relations, Inc.,* 248 F.Supp.2d 1105, 1114–16 (M.D.Ala. 2003) (*citing Brewer v. Alabama,* 111 F.Supp.2d 1197, 1204 (M.D.Ala. 2000)).

Here, like the plaintiff in *Pierri*, Plaintiff did not file his Charge before the 180 day limitations period had run.  Plaintiff's claims in this action are, therefore, barred and must be dismissed.

### C.     Plaintiff Never Exhausted A Retaliation Claim Before the EEOC.

"[A] Title VII plaintiff cannot bring any claim in a lawsuit that was not included in his or her EEOC charge." *Thomas v. Bed, Bath & Beyond, Inc.*, 508 F. Supp. 2d 1264, 1275 (N.D. Ga. 2007).   A plaintiff's allegations in his lawsuit, therefore, are "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Ortiz v. Waste Mgmt., Inc. of Fla.*, 808 F. App'x 1010, 1014 (11th Cir. 2020) (*per curiam*) (citation omitted). Accordingly, courts review whether a plaintiff's complaint is "like or related to, or grew out of, the allegations contained in [a plaintiff's] EEOC charge." *Id.* "[A]llegations of new acts of discrimination" are inappropriate when they are raised for the first time in a plaintiff's complaint. *Id.*

Plaintiff's Complaint contains a claim / allegation that did not appear in his untimely Charge.  Plaintiff's Complaint asserts a claim of retaliation (Complaint, ¶¶ 1, 26).  However, there is no claim of retaliation alleged in the Charge (Exhibit A).[3]

Plaintiff did not check the box labeled "retaliation" on his Charge in the section intended for charging parties to indicate the type of discrimination and/or

---

[3]    In addition to this new, unexhausted claim (retaliation), Plaintiff's Complaint also references new allegations (dating back years) that were not referenced in his EEOC Charge, nor investigated by the EEOC.  Specifically, paragraphs 15, 16 and 17 of the Complaint assert allegations not asserted before the EEOC.  Plaintiff should similarly be precluded from pursuing relief based upon these allegations.

603602328.4

retaliation to which they were subjected, clearly excluding retaliation as a basis for his Charge. *See Canty v. Fry's Electronics, Inc.*, 736 F. Supp. 2d 1352, 1362 (N.D. Ga. 2010). And Plaintiff's Charge does not otherwise mention a claim of retaliation. The word "retaliation" is not mentioned <u>at all</u> in the "Particulars" section of the Charge (Exhibit A). Plaintiff's allegation in the Charge states: "I believe I have been discriminated against because of my *religion* (Hebrew Israelite), in violation of Title VII of the Civil Rights Act of 1964, as amended" (Exhibit A) (emphasis added).

"[T]he scope of a complaint is not to be extended beyond the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Plaisance v. Travelers Ins. Co.*, 880 F. Supp. 798, 806 (N.D. Ga. 1994) (citation omitted). Here, it is unreasonable to expect that the EEOC investigation would have expanded to a claim of retaliation when there was not a single word or allegation suggesting a retaliation claim was being asserted. Retaliation was not alleged in the Charge, nor was any semblance of such a claim or the elements of such a claim. Under these circumstances, Plaintiff cannot proceed on a retaliation claim in this action. *See Harrison v. International Business Machines (IBM) Corp.,* 2008 WL 11333938 (N.D. Ga. 2008) (holding retaliation and discrimination claims were not reasonably related) (*citing Williams v. Little*

*Rock Municipal Water*, 21 F.3d 218 (8th Cir. 1994) (race claim not reasonably related to retaliation claim)).

Not only did Plaintiff not timely file his Charge, he is now attempting to assert a claim that was not even expressed in that untimely Charge. Plaintiff fails to state a claim of retaliation as a matter of law because he did not exhaust that claim before the EEOC.

## III.   CONCLUSION

Based on the foregoing, Plaintiff fails to state a claim as a matter of law, and his Complaint must be dismissed in its entirety.

603602328.4

Dated:  May 27, 2021

Respectfully Submitted,

*/s/ Charles B. Jellinek*

Charles B. Jellinek (*admitted pro hac vice*)
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO  63102-2750
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020
E-mail:  cbjellinek@bclplaw.com

and

Aiten McPherson
Georgia Bar No. 439899
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Atlantic Center
1201 West Peachtree Street, NW
Suite 1400
Atlanta, Georgia  30309
Telephone:  (404) 572-6716
Facsimile:  (404) 572-6999
aiten.mcpherson@bclplaw.com

*Attorneys for Defendant*
*First Data Merchant Services, LLC*

603602328.4

## <u>Local Rule 7.1 Certification of Compliance</u>

I hereby certify that the foregoing pleading has been prepared with Time New Roman font, 14 point, one of the font and point selections approved by the Court in L.R. 5.1, N.D. Ga.

Dated this 27th day of May, 2021.

*/s/  Charles B. Jellinek*
Charles B. Jellinek

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 27th day of May, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send email notification of such filing to all counsel of record.

*/s/  Charles B. Jellinek*
Charles B. Jellinek

603602328.4