# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DERON ALLEYNE<br><br>    Plaintiff,<br><br>v.<br><br>FIRST DATA MERCHANT SERVICES, LLC,<br><br>    Defendants. | Civil Action File<br>Case No. 1:21-CV-01810-CAP-AJB |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

(a) Describe briefly the nature of this action.

This is an employment discrimination action in which Plaintiff Deron Alleyne ("***Plaintiff***") alleges he was subject to religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. Defendant First Data Merchant Services, LLC ("***Defendant***" or "***First Data***") denies the allegations.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff:** Plaintiff alleges he was wrongfully terminated due to his religion and in retaliation for his complaints about religious discrimination. Defendant denies Plaintiff's allegations.

**Defendant:** Plaintiff claims he was wrongfully discharged based upon his religion or out of a retaliatory motive for having asked a question about religious holidays. Defendant denies the allegations and contends Plaintiff was terminated for improper conduct related reasons.

(c) The legal issues to be tried are as follows:

1. Whether Plaintiff timely exhausted his administrative remedies with respect to any of his claims;
2. Whether Plaintiff exhausted administrative remedies with respect to certain of his claims;
3. Whether Plaintiff was unlawfully discriminated against because of his religion in violation of Title VII;
4. Whether Plaintiff ever engaged in any protected conduct;
5. Whether Defendant was aware of any alleged protected conduct in which Plaintiff engaged;
6. Whether Plaintiff was subject to unlawful retaliation under Title VII;
7. Whether Plaintiff is entitled to any relief, and if so, the amounts and types of relief he is entitled to recover;
8. Whether Defendant is entitled to fees and costs in defending this action;

        9. If Plaintiff was in any way harmed or damaged, whether Plaintiff took steps to mitigate his harm or damage, and to what extent; and

      10. Whether Plaintiff's claims (or certain claims for damages) are barred by any of Defendant's affirmative defenses.

  (d)    The cases listed below (include both style and action number) are:

    (1)    Pending Related Cases:

None.

    (2)    Previously Adjudicated Related Cases:

None.

**2.** This case is complex because it possesses one or more of the features listed below (please check):

    \_\_\_\_\_ (1) Unusually large number of parties
    \_\_\_\_\_ (2) Unusually large number of claims or defenses
    \_\_\_\_\_ (3) Factual issues are exceptionally complex
    \_\_\_\_\_ (4) Greater than normal volume of evidence
    \_\_\_\_\_ (5) Extended discovery period is needed
    \_\_\_\_\_ (6) Problems locating or preserving evidence
    \_\_\_\_\_ (7) Pending parallel investigations or actions by government
    \_\_\_\_\_ (8) Multiple use of experts
    \_\_\_\_\_ (9) Need for discovery outside United States boundaries
    \_\_\_\_\_ (10) Existence of highly technical issues and proof
    \_\_\_\_\_ (11) Unusually complex discovery of electronically stored information.

The Parties do not believe this case is complex.

**3.** **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties.

Plaintiff:   Regan E. Keebaugh

Defendant:   Charles B. Jellinek

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_\_   Yes            \_\_X\_\_   No

5. **Parties to This Action:**

(a)   The following persons are necessary parties who have not been joined:

None.

(b)   The following persons are improperly joined as parties.

None.

(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted.

None.

(d)   The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)   List separately any amendments to the pleadings that the parties anticipate will be necessary:

The Parties do not anticipate any amendments at this time.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A (2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.
(b)     *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.
(c)     *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.
(d)     *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).

The Parties do not object to initial disclosures.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

The parties do not believe that a scheduling conference is necessary at this time, but reserve the right to approach the Court should a scheduling conference become necessary at a future date.

**10.  Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint (in this case, July 24, 2021 – 30 days after the date Defendant filed its Answer to Plaintiff's Amended Complaint).  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.  Here, this case is assigned on a four month discovery period.  Thus, the discovery period in this case is from July 24, 2021 to November 24, 2021.

**Please state below the subjects on which discovery may be needed:**

The Parties anticipate discovery will be necessary to determine the factual basis of each of the claims asserted by the Plaintiff, as well as the alleged damages Plaintiff claims he has incurred. Discovery will also be necessary to determine Plaintiff's efforts to mitigate any alleged harm. The Parties further anticipate that discovery will be necessary regarding Defendant's affirmative defenses. The Parties anticipate taking depositions and serving written discovery (interrogatories and production requests).

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below.**

At this time, the Parties do not anticipate additional time will be needed to complete discovery.

**11.  Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The Parties do not anticipate, at this time, the need for any changes or limitations on discovery beyond the limitations set forth by the Federal Rules of Civil Procedure and the Local Rules of this Court. Each Party, however, reserves the right to approach the Court should another party impose unduly burdensome discovery requests or discovery requests to which the cost of responding are disproportional to the importance of the information sought.

(b) Is any party seeking discovery of electronically stored information?

 X   Yes                              ___   No

**(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitation, or key witnesses) as follows:**

The Parties have agreed that any information produced electronically will be produced in PDF. The Parties will continue to work together throughout the discovery process to see if they can come to an agreement on relevant custodians, search terms, and any date limitations.

**(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), a method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

Documents will be produced in PDF. In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   Other Orders:**

What other orders do that parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The Parties anticipate that a protective order may be necessary for documents exchanged in the course of discovery that contain confidential personnel, business, or medical information.

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 24, 2021, and that counsel have participated in settlement discussions. Other persons who participated in the Rule 26(f) conference are listed according to party.

For plaintiff: Lead counsel (signature): <u>Regan E. Keebaugh</u>

   Other participants: <u>None</u>

For defendant: Lead counsel (signature): <u>Charles B. Jellinek</u>

   Other participants: <u>Aiten McPherson; Kathryn Scott</u>

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(____) A possibility of settlement before discovery.
(_X_) A possibility of settlement after discovery.
(____) A possibility of settlement, but a conference with the judge is needed.
(____) No possibility of settlement.

(c)   Counsel (____) do or (_X_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20__.

(d)   The following specific problems have created a hindrance to settlement of this case.

   None.

**14.   Trial by Magistrate Judge:**

   Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties _____ do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20___.

(b) The parties ___X___ do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 28th day of June, 2021.

*/s/ Regan Keebaugh (with permission)*
Regan Keebaugh
Georgia Bar No. 535500
**RADFORD & KEEBAUGH, LLC**
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com

*Counsel for Plaintiff Deron Alleyne*

*/s/ Aiten M. McPherson*
Aiten M. McPherson
Georgia Bar No. 439899
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Telephone: 404-572-6600
E-mail: Aiten.McPherson@bclplaw.com

Charles B. Jellinek (*admitted pro hac vice*)
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
E-mail: cbjellinek@bclplaw.com

*Counsel for Defendant First Data Merchant Services, LLC*

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 20___.

_____
United States District Judge Northern
District of Georgia

## LOCAL RULE 7.1(D) CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing pleading has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in L.R. 5.1B, N.D. Ga.

This 28th day of June, 2021.

*/s/ Aiten M. McPherson*
Ga. Bar 439899

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system which will send email notification of such filing to all counsel of record.

This 28th day of June, 2021.

*/s/ Aiten M. McPherson*
Ga. Bar 439899