UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DERON ALLEYNE,<br><br>Plaintiff,<br><br>v.<br><br>FIRST DATA MERCHANT, SERVICES, LLC,<br><br>Defendant. | Civil Action File No.<br><br>1:21-cv-01810-CAP-AJB |

## PLAINTIFF'S INITIAL DISCLOSURES

*(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.*

RESPONSE: Plaintiff's complaint states claims for religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

Plaintiff Deron Alleyne ("Mr. Alleyne") is a Black Hebrew Israelite. During his employment with First Data, several incidents occurred that caused Mr. Alleyne to believe his coworkers and supervisors were bothered by his religious beliefs and certain practices he observes in accord with his religion.

For example, early on in his employment, Mr. Alleyne was scheduled to meet

with a client along with his supervisor, Erika Taylor ("Taylor"). Taylor asked Mr. Alleyne to shave his beard before attending the meeting. Mr. Alleyne maintains a beard because of his religious beliefs, and he therefore did not shave his beard as Taylor requested. When Taylor saw Mr. Alleyne before the meeting, Taylor expressed surprise that Mr. Alleyne had not shaven. After this meeting, Taylor no longer requested that Mr. Alleyne attend client meetings.

As another example, in accord with his religious beliefs, Mr. Alleyne does not eat pork or shrimp. Mr. Alleyne's dietary restrictions were common knowledge among his coworkers and supervisors. During a company meeting at which food was provided, First Data's Senior Vice President of Inside Sales, Leslie Pearce ("Pearce"), told Mr. Alleyne she "did not care" that his religion forbids eating pork or shrimp. Taylor and another of Mr. Alleyne's supervisors, Sheri Tynes ("Tynes"), were present at this meeting.

During his employment with First Data, Mr. Alleyne also frequently complained that certain company events and practices omitted his religious beliefs, including the company's holiday desk decoration contest, holiday gift exchanges, and holiday luncheons. Mr. Alleyne's objections to these events and practices were common knowledge among his coworkers and supervisors.

On or about October 10, 2019, Mr. Alleyne asked his supervisor, Tynes,

whether he was permitted time off for religious holidays that were not formally recognized by First Data. Mr. Alleyne explained that First Data offers certain religious accommodations for other employees, and that he would like to know whether similar accommodations were available to him.

Tynes informed Pearce and Larry Brown ("Brown"), First Data's Vice President of Sales, of Mr. Alleyne's request. Brown then summoned Mr. Alleyne to his office and told him he could use his allotted paid time off for religious holidays.

At some point after Mr. Alleyne's meeting with Brown, Tynes told Brown that Mr. Alleyne had threatened to "kick her ass" for "taking him to Brown's office." Tynes' accusation against Mr. Alleyne is false. Mr. Alleyne never threatened to "kick her ass," nor did he make any other threat of violence, harm, or any similar statement to Tynes. On October 18, 2019, First Data terminated Mr. Alleyne's employment based on Tynes' false allegations.

The legal issues to be tried include: (1) whether Defendant violated Plaintiff's rights under Title VII, and (2) if so, the amount of damages Plaintiff is entitled to recover.

 *(2)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.*

RESPONSE: The Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

(3) *Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)*

RESPONSE: Please see Attachment A.

(4) *Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)*

RESPONSE: Plaintiff does not anticipate retaining an expert witness at this time.

(5) *Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)*

RESPONSE: Please see Attachment C.

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

RESPONSE: Plaintiff seeks to recover the following categories of

damages:

- Back pay calculated as the amount of income Plaintiff would have earned between his termination and the present date, less any income he received from other employment during that period;

- Front pay calculated as the amount of income Plaintiff would have earned from the present date to two years in the future, less any income he will likely earn during that period;

- Compensatory damages for pain and emotional suffering, the amount of which will be determined by the jury; and

- Legal fees and costs of litigation.

Plaintiff will produce any documents in his possession, control, and custody that relate to his damages.

*(7)  Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)*

RESPONSE:       This request is not applicable to Plaintiff.

*(8)  Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.*

RESPONSE:       This request is not applicable to Plaintiff.

Dated July 20, 2021.

**<u>Regan Keebaugh</u>**
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com

## **Attachment A**

Plaintiff has knowledge regarding the circumstances leading to the termination of his employment and his damages. He can be contacted through his counsel.

All persons identified in Plaintiff's complaint.

All persons identified in Defendant's initial disclosures.

Manager Erika Taylor, Sales Director Sheri Tynes, Senior VP Leslie Pearce, and Larry Brown all have knowledge regarding the circumstances of Plaintiff's termination. These witnesses are all current employees of Defendant, so Defendant presumably has their contact information.

# **Attachment C**

Documents related to Plaintiff's EEOC charge.

## **CERTIFICATE OF SERVICE**

      I certify that, on July 20, 2021, I filed the foregoing document through the Court's CM/ECF system, which will send email notification of such filing to all attorneys of record in this matter.

**Regan Keebaugh**
Georgia Bar No. 535500
Radford & Keebaugh, LLC